UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-62610-BLOOM/Valle

SUN LIFE ASSURANCE COMPANY OF
CANADA,

      Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION,
and LARRY BRYAN,

      Defendants.
_____/

**ORDER ON MOTION TO AMEND AND CLARIFY**
**FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant U.S. Bank National Association's ("U.S. Bank") Motion to Amend and Clarify Final Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (the "Motion"), ECF No. [161]. The Court has considered the Motion, the record, all supporting and opposing filings, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, the Court grants in part and denies in part the Motion, clarifying the Final Judgment, ECF No. [148]. The Final Judgment is modified to require that Plaintiff Sun Life Assurance Company of Canada ("Sun Life") must return $858,523.13 to U.S. Bank.

The factual and procedural history of this matter is known to all parties. *See Sun Life Assurance Co. of Canada v. U.S. Bank Nat'l Ass'n*, 2016 WL 161598 (S.D. Fla. Jan. 14, 2016) (ECF No. [147]). On January 13, 2016, the Court issued an Order granting in part and denying in part Sun Life's motion for summary judgment (the "Order"). *See id.* Pertinently, the Court

denied the motion as to Sun Life's request that it be permitted to retain the premiums paid on the Phyllis Malkin insurance policy ("Malkin Policy" or "Policy"), instead granting Count IV of U.S. Bank's Counterclaim.  *See id.* at *21.  The parties both appealed, and on April 15, 2016, the Eleventh Circuit Court of Appeals dismissed, finding it lacked jurisdiction because the "judgment did not determine damages including any award of prejudgment interest."  *See* ECF No. [160].  U.S. Bank (and presumably, Sun Life) now urges the Court to determine "damages" so its appeal can proceed.

In its Order on summary judgment, the Court held that Delaware law governed and that the "Malkin Policy lacked an insurable interest at its inception" rendering it "void *ab initio*."  *Sun Life Assurance Co. of Canada*, 2016 WL 161598, at *18.  The Court then held that pursuant to *Sun Life Assur. Co. of Canada v. Berck*, 719 F. Supp. 2d 410 (D. Del. 2010) and other Delaware precedent, "U.S. Bank is entitled to a return of the premiums associated with the Malkin Policy."  *Id.*  The Motion currently before the Court requests clarification as to exactly how much Sun Life must "return" to U.S. Bank.  U.S. Bank contends that Sun Life must return $1,426,102.86, which includes (1) $858,523.13 that U.S. Bank directly paid to Sun Life in premium payments during the life of the Malkin Policy; (2) $238,050 in premium payments made on the Policy prior to U.S. Bank's purchase of the Malkin Policy, which were subsequently reflected in the price U.S. Bank paid to purchase the Malkin Policy ($255,000); and (3) prejudgment interest of $329,529.73 on the premium payments that Sun Life has retained over the course of the last seven years through the date of the Court's January 14, 2016 Order (at a rate "5% over the contemporary Federal Reserve discount rate").  *See* ECF No. [161] at 2-3, 9.

Sun Life, perhaps unsurprisingly, argues in its Response that the Court erred in holding that Sun Life must return the premium payments to U.S. Bank, maintaining that the Court

wrongly relied on *Berck* and other case law to the exclusion of alternative authority. To the extent that Sun Life invites the Court to reconsider its Order on summary judgment, the Court declines; Sun Life will have an opportunity to make its arguments on appeal. *See Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996) ("[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). Both Sun Life and U.S. Bank agree that pursuant to the Court's Order, the starting point to determine returns is $858,523.13. *See* ECF Nos. [161] at 2; [165] at 15. In addition to this sum, U.S. Bank requests $238,050 in premium payments made on the Malkin Policy prior to U.S. Bank's purchase of the Policy, and $329,529.73 in interest accrued in the seven years prior to January 14, 2016, totaling $1,426,102.86. *See* ECF No. [161] at 2-3. Sun Life counters that U.S. Bank is entitled to neither the pre-purchase premium payments nor interest, and that instead, the Court must deduct "costs and expenses" incurred by Sun Life "associated with originating and maintaining the policy." ECF No. [165] at 2, 9, 10, 15.

    A.    **Pre-Purchase Premium Payments**

Before U.S. Bank purchased the Malkin Policy, Coventry Capital LLC made $238,050 in premium payments on the Policy. *See Sun Life Assurance Co. of Canada*, 2016 WL 161598, at *7. In Count IV of its Counterclaim, U.S. Bank requested a "declaration that Sun Life is required to return all premium payments paid for the Malkin Policy to U.S. Bank, plus interest." ECF No. [19] ¶ 63. While somewhat nonspecific, U.S. Bank consistently referred only to the $858,523.13 throughout its Counterclaim, reflecting the amount of premium payments actually made by U.S. Bank on the Policy. *See id.* ¶¶ 3, 29, 37, 39. U.S. Bank never specified that Count

IV included the premiums paid on the Policy by Coventry, and never claimed rights to the entire $1,096,573.13 in premium payments it now requests. The Court cannot grant an amount that U.S. Bank did not adequately plead or establish as part of its Counterclaim. *See Bank v. Key Hotels of Brewton, LLC*, 2016 WL 54926, at *2 (S.D. Ala. Jan. 5, 2016) (noting that "[e]ven in the default judgment context, a court has an obligation to assure that there is a legitimate basis for any damage award it enters.").

Moreover, in granting Count IV of the Counterclaim, the Court relied heavily on the reasoning in *Berck* "that rescission is an equity claim that requires all parties to be returned to the status quo." 719 F. Supp. 2d at 418. U.S. Bank, however, seeks a declaration from this Court requiring Sun Life to return monies paid by Coventry, a non-party to this action. Whether Coventry and U.S. Bank intended the purchase price paid for the Malkin Policy to encompass previously-paid premium payments was not properly brought before this Court on summary judgment. U.S. Bank does not cite to any Delaware authority mandating a return of premium payments made by a third party, and neither *Berck* nor the other cases relied upon by the Court require that result. *See Berck*, 719 F. Supp. 2d at 418; *see also Ohio Nat. Life Assur. Corp. v. Davis*, 803 F.3d 904, 911 (7th Cir. 2015) (requiring insurance company to return premium payments that defendant himself paid). U.S. Bank's request for an additional $238,050, therefore, is denied.

### B. Pre-Judgment Interest

In Delaware, "a central purpose of pre-judgment interest is to ensure that a plaintiff to whom payment was owed does not suffer injury by the defendant's unjustified delay." *Citrin v. Int'l Airport Centers LLC*, 922 A.2d 1164, 1167 (Del. Ch. 2006). Indeed, "[b]y requiring the defendant to pay a fair rate of interest during the period of unjustifiable delay, pre-judgment

4

interest helps make the plaintiff more whole, while depriving the defendant of a windfall." Accordingly, "[i]n the contractual setting, pre-judgment interest should therefore not accrue until the point at which the defendant has, without justification, refused to live up to its obligation to make payment." *Id*. (citing *Citadel Holding Corp. v. Roven*, 603 A.2d 818 (Del. 1992)). U.S. Bank never asked Sun Life to invalidate the Malkin Policy or return any premium payments until it filed its Counterclaims, and then, only in the alternative. While Sun Life has undoubtedly failed to "live up to its obligation" under the Policy, the Court found Sun Life's actions justified. Sun Life had no obligation to return premium payments until the Court directed it to do so. Accordingly, pre-judgment interest has not accrued, and will not be rewarded.

### C.   Proposed Deductions

Sun Life contends that it "is entitled to a set-off" from the $858,523.13 return to account for "costs and expenses associated with originating and maintaining the policy." ECF No. [165] at 10. In its motion for summary judgment, response, and reply, Sun Life recognized and addressed U.S. Bank's Counterclaims. *See* ECF No. [60] at 32-34. Sun Life also argued, and the Court rejected, that an *ab initio* finding precludes a court from ordering a return of premium payments. *See id.* at 24-25, 34. Sun Life cannot now plausibly assert that it lacked an opportunity to present argument against Count IV of U.S. Bank's Counterclaim. Sun Life did not claim or provide evidence to determine that in the event the Court held in favor of U.S. Bank on Count IV, the Court must account for costs and expenses incurred by Sun Life. As Sun Life failed to adequately develop the record, the requested "set-off" is denied. It is therefore

**ORDERED AND ADJUDGED** that the Motion, **ECF No. [161]**, is **GRANTED** in part and **DENIED** in part. The Final Judgment, ECF No. [148], is clarified to include a holding that Sun Life must return $858,523.13 to U.S. Bank.

5

Case No. 14-cv-62610-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 8th day of June, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record